Judge,
dissenting.
The denial-of-benefits letter fails to provide a reasoned explanation for the denial that is grounded in the evidence in the administrative record. However, because I do not agree that Kennard is clearly entitled to disability benefits, I respectfully dissent.
I agree with the majority that Dr. Lev-inson’s medical conclusion was conditional: either Kennard was not disabled if a clean-air environment job existed, or he was disabled if no such job was available. Maj. Op. at 557-58. By determining that Ken-nard was not disabled, the plan administrator made a factual determination that a job existed that Kennard could perform, or interpreted the plan not to require that a job actually exist that Kennard could perform, or both. Because the denial-of-benefits letter simply states the definition of “permanently disabled” under the plan and then quotes the medical conclusions of Dr. Holda and Dr. Levinson, without connecting the evidence to the definition or explaining how the administrator came to the conclusion that Kennard is not disabled, we are left to guess at the reason for the denial of benefits. This failure to explain the factual and interpretive basis for the denial of benefits means that the denial is not “the result of a deliberate, principled reasoning process and ... supported by *559 substantial evidence.” Elliott v. Metro. Life Ins. Co., 473 F.Sd 613, 617 (6th Cir.2006) (internal quotation marks omitted).†
However, for this court to award benefits to a claimant, the claimant must have been “denied benefits to which he was clearly entitled.” Id. at 622 (quoting Buffonge v. Prudential Ins. Co. of Am., 426 F.3d 20, 31 (1st Cir.2005)). I cannot agree with the majority that Kennard is “clearly entitled” to benefits. The majority states that “[t]he SSA found (and Means does not dispute) that ‘there are no jobs in the national economy that Kennard could perform.’ ” Maj. Op. at 557 (quoting R. 49 (Social Security Decision at A.R. 105-06) (Page ID# 1892)). This statement lacks important context; it is excerpted from a summary of the SSA hearing, where the Administrative Law Judge and the vocational expert addressed “whether jobs exist in the national economy for an individual with the claimant’s age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors there are no jobs in the national economy that the individual could perform.” R. 49 (Social Security Dec. at A.R. 105-06) (Page ID# 1891-92) (emphasis added). Thus, the SSA did not find that there are “no jobs” that Kennard can perform; rather, the SSA found that when accounting for the SSA factors, there are no jobs that Kennard can perform. Because Means Industries’ plan does not require the administrator to consider the SSA factors in determining whether a claimant is permanently disabled, this is an important distinction. There is no other evidence in the record that suggests that even if the SSA factors were not accounted for, there would still not be jobs that Ken-nard could perform. Because the record is devoid of evidence that there are, or are not, jobs that Kennard can perform, I cannot conclude that Kennard is clearly entitled to an award of benefits. Therefore, rather than award benefits, I would remand the case to the plan administrator for further consideration and fact-finding, if necessary. See Javery v. Lucent Techs., Inc. Long Term Disability Plan for Mgmt. or LBA Employees, 741 F.3d 686, 699-700 (6th Cir.2014) (remanding for further-fact-finding); Daft v. Advest, Inc., 658 F.3d 583, 595 (6th Cir.2011) (remanding because “the problem is with the integrity of [the plan’s] decision-making process”).
Because the administrative record does not support a determination that Kennard is “clearly entitled” to benefits, but that the denial-of-benefits letter lacks a reasoned explanation, I respectfully dissent from the majority opinion, and would RE *560 VERSE the judgment of the district court and REMAND this case so that the plan administrator can undertake further proceedings consistent with this opinion and the ERISA procedural requirements.

 Whether the decision provided a reasoned explanation of the basis for the denial overlaps with Kennard’s claim that the administrator violated ERISA procedural requirements. ERISA requires a denial of benefits to “set[ ] forth the specific reasons for such denial, written in a manner calculated to be understood by the participant^]” 29 U.S.C. § 1133(1). ERISA also requires the plan to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.” 29 U.S.C. § 1133(2). This includes "[p]rovid[ing] claimants the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits,” 29 C.F.R. § 2560.503-1(h)(2)(h), and "[p]rovid[ing] for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination,” 29 C.F.R. § 2560.503-l(h)(2)(iv). Kennard claimed that the plan failed to comply with the notice of denial and right to appeal provisions. The district court concluded that Kennard waived these arguments. Because I would remand the case to the plan administrator due to the failure to provide a reasoned explanation based on substantial evidence, I decline to address these claims at this time.